IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re David E. Solar and Donna K. Solar,<br><br>Debtors. | Chapter 7<br><br>Case No. 02-70658-SWC<br><br>Judge Cotton |
| Hibino Corporation of America and Sompo Japan Insurance Company of America f/k/a Yasuda Fire & Marine Insurance Company of America,<br><br>Plaintiffs,<br><br>vs.<br><br>David E. Solar and Donna K. Solar,<br><br>Defendants/Debtors. | Adversary Proceeding No.<br><br>02-6521 |

**AMENDED AND RESTATED COMPLAINT
TO DETERMINE DISCHARGEABILITY OF A DEBT
PURSUANT TO 11 U.S.C. § 523(a)(4) AND (6) AND FOR DAMAGES**

COME NOW Hibino Corporation of America (hereinafter "Hibino") and Sompo Japan Insurance Company of America (formerly known as Yasuda Fire & Marine Insurance Company of America) (hereinafter "Sompo") and amend and restate their complaint against Defendants David E. Solar and Donna K. Solar pursuant to the provisions of Bankruptcy Rule 7015, respectfully showing the Court as follows:

1. This is an adversary proceeding to determine the dischargeability of a debt pursuant to Bankruptcy Rules 4007 and 7001(6). Pursuant to Bankruptcy Rule 7008 Plaintiffs state that this proceeding is core.

2. On September 20, 2002, Debtors filed a voluntary petition seeking relief under Chapter

7 of Title 11 of the U.S. Code. The question of the Debtors' discharge has not as of this date been determined.

3. On December 18, 2002, Plaintiffs filed a Complaint to determine dischargeability of the debt of the Debtors, alleging fraud, embezzlement, and defalcation. This Amended Complaint amends the originally filed Complaint, adding to it a claim of nondischargeability on the basis of a willful and malicious injury by the Debtors to the property of Hibino.

4. From June 1, 2000 to October 31, 2001, Debtor Donna K. Solar was employed as the financial manager of Hibino.

5. Subsequent to her discharge, Hibino discovered several suspicious accounting irregularities and began an investigation of those irregularities.

6. After extensive investigation, Hibino discovered that Debtor Donna K. Solar had embezzled from Hibino. She did so by several methods, including:

(a) making false accounting entries indicating payments to legitimate vendors of Hibino while actually paying the checks to her personal creditors and the personal creditors of her husband, including three different American Express accounts and credit cards at Bank of America, Chase Manhattan, Elan Financial Services, and HRS.

(b) charging personal expenses to company charge accounts, including the charging of home improvement items to accounts at Home Depot and Lowes and computer equipment for her personal use to accounts at Office Depot and Sam's Club.

(c) authorizing payment of her daughter as an employee of Hibino for time not worked and expenses not incurred.

7. Debtor David E. Solar assisted Mrs. Solar in the embezzlement and enjoyed the fruits of the illegal activity.

8. The total amount embezzled by Debtors was in excess of $230,000. Investigation of the actual losses are continuing.

9. In addition to the actual financial losses, Plaintiffs incurred expenses in investigating and pursuing the loss, including but not limited to accounting and legal fees.

10. On or about December 3, 2001, Hibino notified its insurance carrier, Sompo, of the embezzlement. On or about April 5, 2002, pursuant to its contract of insurance, Sompo paid Hibino $125,000, its policy limits for employee dishonesty. Also pursuant to the contract of insurance, Sompo was subrogated to the rights of Hibino to the extent of Sompo's payment to Hibino.

11. The debt incurred by Debtors is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) on the ground that the debt was incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

12. The debt incurred by Debtors is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) on the ground that it was incurred by a willful and malicious injury by the debtors to the property of Hibino.

13. The Debtors are liable to Plaintiffs in an amount to be proven at trial for the damages resulting from their theft of funds belonging to Hibino.

WHEREFORE, Plaintiffs pray this Court for an order determining said debt to be nondischargeable and for judgment against the Debtors, jointly and severally, in an amount to be proven at trial, together with interest from October 31, 2001, and for such other and further relief as is just.

This 19th day of December, 2002.

**CUMMINGS KELLEY & BISHOP PC**

By:    */s/ Charles N. Kelley, Jr.*
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Attorneys for Plaintiffs

340 Jesse Jewell Parkway, Suite 602
Gainesville, Georgia 30501-7701
(770) 531-0007