IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| David E. Solar, and | ) | Chapter 7 |
| Donna K. Solar, | ) | Case No. 02-70658-swc |
| | ) | |
| Debtors. | ) | Judge Cotton |
| _____ | | _____ |
| Hibbino Corporation of America and | ) | |
| Sompo Japan Insurance Company | ) | |
| of America fka Yasuda Fire and Marine | ) | |
| Insurance Company of America, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | <u>Adversary Proceeding</u> |
| v. | ) | |
| | ) | No. 02-6521 |
| David E. Solar and Donna K. Solar, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | _____ |

**DEFENDANT DAVID SOLAR'S
FIRST CONTINUING INTERROGATORIES TO PLAINTIFF,
NOTICE TO PRODUCE AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW** Defendant DAVID E. SOLAR by and through his attorney of record, and files Defendant's First Continuing Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff as follows:

Defendant David E. Solar (hereinafter "Defendant") hereby requires Plaintiff Hibino Corporation (hereinafter "Plaintiff") to fully answer the following interrogatories, within thirty-three (33) days from the date of service hereof, in accordance with the provisions of Bankruptcy Rule 7033.

# I
# **INSTRUCTIONS and DEFINITIONS**

NOTE A.  If the whole answer to a question is not known, so state, and answer the part known.

NOTE B.  Each of the following interrogatories shall be deemed continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you or any person acting on your behalf (including your counsel of record) if it will augment or otherwise modify any answer now given to the attached Interrogatories.  Any such supplementary responses are to be filed and served upon Defendant's counsel of record within fifteen (15) days after receipt of such information, but prior to the time of trial.

NOTE C.  Definitions.  As used herein, the terms listed below are defined as follows:

1. "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions.  "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2. To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:
(a) The title or other means of identification of each such document;
(b) The type of document (e.g., letter, memorandum, record);
(c) The date of each such document;
(d) The author of each such document;
(e) The recipient or recipients of each such document, including but not limited to plaintiff or anyone who purports to represent the plaintiff;
(f) The present location of any and all copies of each such document in the care, custody, or control of plaintiff;
(g) The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and
(h) If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

3. To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number.

To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

4. "Plaintiff", refers to, without limitation, the named Plaintiff and all business entities with which he is or has been affiliated, together with any predecessor, successor, parent, as well as any employee, attorney, agent, or representative of named Plaintiff.

5. "Defendant", "you" or "your" refers to, without limitation, the named Defendant and all business entities with which she is or has been affiliated, together with any predecessor, successor, parent, as well as any employee, attorney, agent, or representative named Defendant.

NOTE D. Each interrogatory is addressed to the personal knowledge of Plaintiff, as well as to the knowledge and information of their attorneys, agents, and other representatives. When a question is directed to Plaintiff, the question is also directed to each of the aforementioned persons.

NOTE E. In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth the following information:
(a) The name of the author of the document;
(b) The date of the document;
(c) The name of person or persons (other than stenographic or clerical assistant) participating in the preparation of the document;
(d) The date on which the document was received by those having possession of the document;
(e) The name and address of each person, if any, to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading, or substantial summarization;
(f) A brief description of the nature of the subject matter of the document;
(g) The statute, rule, or decision which is claimed to give rise to the privilege;
(h) The present custodian and location of the document;
(i) Attachments to the document;
(j) The number of pages, attachments, or appendices comprising the document;
(k) Whether the document is handwritten, typewritten, or otherwise prepared; and
(l) The number of the request to which the document is responsive.

NOTE F. If any document described herein was, but no longer is within the Plaintiff's possession, custody, or control, please state in detail:

(a) A summary of the contents of the documents;

(b)  What disposition was made of it;
(c)  The date of such disposition.

II
## INTERROGATORIES

1.

With respect to Plaintiff's allegations that Defendant David E. Solar engaged in fraud in that he "assisted in the embezzlement and enjoyed the fruits of the illegal activity", please provide the following information with respect to *each* alleged incident of fraud by Defendant David E. Solar.

(a) State the substance of each alleged act of fraud.

(b) State the method in each instance of which David E. Solar assisted in the embezzlement or enjoyed the fruits of the illegal activity of Donna K. Solar.

(c) Identify all documents which evidence, reflect, or relate to each such act of fraud.

(d) State all facts upon which Plaintiff bases its contention that Defendant David E. Solar was aware of his wife's illegal activity.

(e) State all facts upon which Plaintiff bases its contention that Defendant David E. Solar assisted in the embezzlement or enjoyed the fruits of the illegal activity of Donna K. Solar.

(f) For each fact stated in response to subparagraph (d) or (e) above, identify all persons which Plaintiff believes to have personal knowledge of said acts.

III

## NOTICE TO PRODUCE AND

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are hereby notified to produce at the offices of Roderick H. Martin & Associates, P.C., within thirty (30) days hereafter and at any hearing upon Rule Nisi or any deposition or trial in the above case and

from time to time and term to term until the above case is concluded, the documents and records set forth below which are in your possession, custody or control, the same to be used as evidence by the petitioner above.

The documents and records which you are notified and requested to produce are as follows:

1.

All documents and things identified or required to be identified by Defendant's First Interrogatories to Plaintiff.

This the 4th day of November, 2003

**RODERICK H. MARTIN & ASSOCIATES, P.C.**

By:  /s/
Roderick H. Martin
Georgia Bar No. 473510

279 Washington Ave.
Marietta, Georgia 30060-1980
770.427.5853
770.427.5869 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendant's First Continuing Interrogatories Notice to Produce and First Request for Production of Documents has been served upon counsel for the Plaintiff in this action by placing same in United States Mail with adequate postage thereon and addressed to:

> Charles N. Kelley, Jr.
> Cummings, Kelley & Bishop, P.C.
> 340 Jesse Jewell Parkway, Ste. 602
> Gainesville, GA 30501-7701.

This the 4th day of November, 2003

**RODERICK H. MARTIN & ASSOCIATES, P.C.**

By:   /s/
Roderick H. Martin
Georgia Bar No. 473510

279 Washington Ave.
Marietta, Georgia 30060-1980
770.427.5853
770.427.5869 (fax)