ENTERED ON DOCKET

NOV - 1 2004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re David E. Solar and Donna K. Solar,<br><br>Debtors. | Chapter 7<br><br>Case No. 02-70658-MGD<br><br>Judge Diehl |
| Hibino Corporation of America and Sompo Japan Insurance Company of America f/k/a Yasuda Fire & Marine Insurance Company of America,<br><br>Plaintiffs,<br><br>vs.<br><br>David E. Solar and Donna K. Solar,<br><br>Defendants/Debtors. | Adversary Proceeding No.<br><br>02-6521 |

## CONSENT JUDGMENT

The above-styled matter having come on before the Court, and the Court having considered the pleadings and other matters in this case, and it appearing to the Court that the parties hereto have consented to the entry of this Judgment, and other good cause for the entry of this Judgment appearing, it is hereby

ORDERED, ADJUDGED, AND DECREED that Plaintiff shall have judgment against Defendants in the principal amount of $120,000.00, plus interest from the date of this Judgment at the rate of seven (7%) percent per annum; it is further

ORDERED, ADJUDGED, AND DECREED that the debt of Defendants be, and the same hereby is, determined to be NONDISCHARGEABLE as to both Defendants pursuant to 11 USC § 523(a)(4) to the extent of $120,000.00; it is further

ORDERED, ADJUDGED, AND DECREED that Defendants may discharge this debt as follows:

1. Defendants shall refinance the debt on their principal residence and pay to Cummings Kelley & Bishop PC as agent for the Plaintiffs the greater of (a) the difference between the payoff on their

first and second mortgages and the fair market value of the residence as shown by an appraisal prepared by an appraiser licensed to perform appraisals in Georgia and otherwise reasonably acceptable to Plaintiffs and (b) the sum of $63,000.00.

2. Prior to the completion of the transaction contemplated by Paragraph 1 hereof, Defendants shall pay to plaintiff interest on the entire indebtedness monthly in arrears on the first day of each month beginning December 1, 2004. Such payments shall be made payable to Cummings Kelley & Bishop PC as agent for the Plaintiffs. If the transaction contemplated by Paragraph 1 hereof is not completed within three (3) months hereof, Plaintiffs may declare the entire balance due and payable immediately.

3. To facilitate the closing of the transaction contemplated by Paragraph 1 hereof, Hibino Corporation of America (hereinafter "Hibino") shall execute a quitclaim deed releasing the Debtors' principal residence from the writ of fieri facias presently held by Hibino, and deliver the same to the closing agent in escrow. Said closing agent shall hold the quitclaim deed and release the same upon receipt of funds sufficient to make the required payment pursuant to Paragraph 1 hereof.

4. Contemporaneously with the closing and payment contemplated by Paragraph 1 hereof, Defendants shall execute a promissory note made payable to Cummings Kelley & Bishop PC as agent for the Plaintiffs in form substantially similar to Exhibit "A" attached hereto, amortized over a ten (10) year period with fifty-nine (59) payments of principal and interest for a period and one final payment of the remaining balance. Defendants shall be able to prepay said note at any time.

5. Plaintiffs shall reasonably cooperate with Defendant Donna Solar in her Motion to Amend Sentence before the Hall County Superior Court to eliminate her restitution payments thereunder and reduce her probation period thereunder. It is contemplated by the parties that Defendant Donna Solar's probation period will be reduced to coincide with the payments upon the note

contemplated by Paragraph 4 hereof and her restitution payments will be eliminated thereunder, but this Court has no jurisdiction over said sentence and specifically makes no judgment, order, or decree concerning said sentence.

6. All payments hereunder shall be made payable to Cummings Kelley & Bishop PC Trust Account and delivered or mailed to 340 Jesse Jewell Pkwy, Suite 602, Gainesville, Georgia 30501-7701, or such other payee or address as Plaintiffs may in writing specify.

7. So long as Defendants is not in default on the payment schedule set forth above, Plaintiff shall take no action to collect upon this judgment. Upon completion of payments as set forth above, Defendant shall be discharged from any liability on this judgment.

8. If Defendant fails to make any of the payments required herein and fails to cure such default within ten (10) days after delivery of written notice of default from the Plaintiffs to the Defendant, the full amount of this Judgment, together with interest, and less any amounts paid by Defendant under this Judgment, shall be immediately due and payable and Plaintiffs may then use any and all rights and methods allowed by law, including but not limited to garnishment, levy, and foreclosure, to collect the remaining balance owed. Any indulgence or forbearance by the Plaintiffs regarding the installment payments to be made pursuant to this Consent Judgment shall not constitute a waiver or estoppel as to Plaintiffs' rights hereunder, and Plaintiffs shall at all times be entitled to strict compliance of this Consent Judgment.

9. Notice by Plaintiffs shall be deemed to be given on the date of the postmark of such notice which shall be sent by Certified Mail, Return Receipt Requested and by First Class Mail and addressed to the Defendants as follows: David E. Solar and Donna K. Solar, 1195 Home Place Dr., Lawrenceville, GA 30043, or such other address as Defendant may specify. The cost of preparing and mailing such notice (which for purposes of this judgment shall be deemed to be $25) shall be added to Defendant's obligation to Plaintiff. Any payment made by Defendant after

the sending of such notice shall include payment of said cost in addition to the regularly scheduled payment.

10. Any action required to be done by Plaintiffs hereunder or under the promissory note contemplated by Paragraph 4 hereof may be done by either Plaintiff individually or a Plaintiff's agent or attorney.

11. Plaintiffs may assign their rights hereunder to one or more third parties.

12. Time is of the essence of this Consent Judgment

IT IS SO ORDERED this 29th day of October, 2004.

*Mary Grace Diehl*
Mary Grace Diehl
United States Bankruptcy Judge

prepared and consented to by:

*Charles N. Kelley, Jr.*
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Cummings Kelley & Bishop PC
340 Jesse Jewell Parkway, Suite 602
Gainesville, Georgia 30501-7701
(770) 531-0007

Attorneys for Plaintiffs

consented to by:

*David E. Solar*
David E. Solar, Defendant

*Donna K. Solar*
Donna K. Solar, Defendant

*Arturo Corso*
Arturo Corso
Georgia State Bar No. 188748
114 Washington Street, Suite 120
Gainesville, Georgia 30501
(770) 532-9732

Attorneys for Defendants

**DISTRIBUTION LIST**

Charles N. Kelley, Jr., Esq.
Cummings Kelley & Bishop PC
340 Jesse Jewell Pkwy
Suite 602
Gainesville, Georgia  30501-7701

Arturo Corso
114 Washington Street
Suite 120
Gainesville, Georgia  30501

David E. Solar
Donna K. Solar
1195 Home Place Drive
Lawrenceville, Georgia 30043

Roderick H. Martin, Esq.
Martin & Associates
279 Washington Ave., NE
Marietta, Georgia  30060

Exhibit "A"

PROMISSORY NOTE

$_____                                                      Gainesville, Georgia
                                                                       [Date]

   **FOR VALUE RECEIVED, DAVID E. SOLAR AND DONNA K. SOLAR**, jointly and severally, whose address is 1195 Home Place Dr., Lawrenceville, GA 30043 (the "Makers"), hereby promise to pay to the order of **CUMMINGS KELLEY & BISHOP PC, as agent for Hibino Corporation of America and Sompo Japan Insurance Company of America**, whose address is 340 Jesse Jewell Pkwy, Suite 602, Gainesville, Georgia 30501-7701 (the "Holder"), at the address of Holder as set forth above or at such place as the Holder may designate from time to time in writing, the principal sum of _____ in lawful money of the United States of America, together with interest on the outstanding principal balance hereunder as hereinafter provided.

   1.  **Payments of Interest and Principal.** Payments of principal plus interest shall be payable in accordance with the terms hereof. Commencing on the first day of the month following the date hereof and continuing for sixty (60) consecutive months, this Promissory Note shall bear interest at the rate of seven (7%) percent per annum. The principal and accrued interest on this Promissory Note shall be paid in 59 equal installments of _____ and one final installment of _____. Interest shall be calculated on the basis of actual days elapsed over a 365-day year and shall be payable until the Maturity Date or until this Note is prepaid in full pursuant to the terms set forth below. All amounts payable hereunder shall be paid by the Makers in lawful money of the United States of America, by check or wire transfer or any other method approved in advance by Holder at the place designated by Holder in writing to Makers, in immediately available and freely transferable funds at such place of payment.

   2.  **Prepayments.** The Makers may prepay at any time all or any portion of the sums due hereunder without penalty or premium. Any such prepayment shall be applied first to any accrued and unpaid interest and then to principal in the inverse order of the due dates of the installments thereof.

   3.  **Events of Default.** The occurrence of one or more of the following events shall constitute an event of default hereunder (an "Event of Default"):

     a.  should there be any default in the payment of any installment of principal or interest on the due date thereof;

     b.  should there be any default in the performance or observance of any other term or provision of this Promissory Note, or the Consent Judgment entered in the matter styled as Hibino Corporation of America et al v. Solar proceeding in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, and being further known as Adversary Proceeding No.02-6521;

      c. in the event that the Makers (i) make an assignment for the benefit of creditors, (ii) admit in writing their inability to pay their debts as they become due, (iii) file a voluntary petition in bankruptcy, (iv) is adjudicated a bankrupt or insolvent, (v) files any petition or answer seeking for himself any relief under laws relating to reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future statute, law, or regulation, (vi) files any answer admitting or not contesting the material allegations of a petition filed against the Makers in any such proceeding, or (vii) seeks, consents to, or acquiesces in, the appointment of any trustee, receiver, or liquidator of the Makers or of all or any substantial part of the properties of the Makers and Makers fails to remedy such default within forty-five (45) days after receipt of written notice from Holder specifying such act and the action required of Makers to cure such default; or

      D. defaults under the terms of any other debt of Makers or either of them individually.

  **4.** **Default Rate.**  Upon the happening of any Event of Default, the interest rate hereunder shall be seven (7%) percent per annum.

  **5.** **Remedies.**  Upon the occurrence of any Event of Default, the entire unpaid principal sum hereunder plus any and all interest accrued thereon plus all other sums due and payable to the Holder hereunder shall, at the option of the Holder, become due and payable immediately.

  **6.** **Notices.**  Notices of prepayment and all other notices to be given to the Holder shall be given personally or by overnight U. S. registered or certified mail (return receipt requested), overnight courier, or telecopier to the Holder at the addresses set forth in the Purchase Agreement, or at such other address as the Holder shall notify the Makers hereof in writing by like notice.

  **7.** **Waivers.**  The Makers, to the extent permitted by law, waive and agree not to assert or take advantage of any of the following: (a) acceptance or notice of acceptance of this Promissory Note by the Holder; (b) presentment and/or demand for payment of this Promissory Note or any indebtedness or obligations hereby promised; and (c) protest and notice of dishonor with respect to this Promissory Note or any indebtedness or performance of obligations arising hereunder.

  **8.** **Severability.**  In the event that any provision of this Promissory Note is held to be invalid, illegal or unenforceable in any respect or to any extent, such provision shall nevertheless remain valid, legal and enforceable in all such other respects and to such extent as may be permissible.  Any such invalidity, illegality or unenforceability shall not affect any other provisions of this Promissory Note, but this Promissory Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

  **9.** **Governing Law.**  This Promissory Note shall be governed by and construed in accordance with the laws of the State of Georgia, without reference to conflict of laws principles.

  **10.** **Attorney's Fees.**  In the event the Holder hereof is required to utilize the

services of an attorney to collect all or any part of this Promissory note, then, and in that event, the Holder shall be entitled not only to the proceeds evidenced hereby and due but also to recover the expenses of such collection, including attorney's fees in the amount of fifteen (15%) of the then unpaid principal and interest outstanding.

**IN WITNESS WHEREOF**, the Makers have duly executed this Note the day and year first above written.

**MAKERS**

_____
**David E. Solar**


_____
**Donna K. Solar**